UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN FLORO,<br>Plaintiff,<br><br>v.<br><br>METABOLIFE INTERNATIONAL, INC.,<br>WALGREEN CO., AND WALGREEN<br>EASTERN CO., INC.,<br>Defendants. | DOCKET NO: 05CV10048-REK |

ANSWER OF DEFENDANT, METABOLIFE INTERNATIONAL, INC., TO PLAINTIFF'S
AMENDED COMPLAINT

A.  FIRST DEFENSE

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

B.  SECOND DEFENSE

The defendant, Metabolife International, Inc. (hereinafter, "Defendant"), responds to the allegations contained in the Plaintiff's Amended Complaint, Paragraph by Paragraph as follows:

"INTRODUCTION"

To the extent that the "Introduction" section of the Plaintiff's Amended Complaint requires an affirmative response from this Defendant, the Defendant denies the allegations and calls upon the Plaintiff to prove the same.

1. The Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Plaintiff's Amended Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

2. The Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Amended Complaint.

3. The Defendant neither admits nor denies the allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

1

4. The Defendant admits that the United States Federal District Court of Massachusetts has jurisdiction over this matter. The Defendant neither admits nor denies the allegations contained in the third and fourth sentences of Paragraph 4 of the Plaintiff's Amended Complaint, pertaining to the store where the Plaintiff alleges she purchased Metabolife 356, and pertaining to the location of the Plaintiff's residence, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted. To the extent that the remaining allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint require an affirmative response from this Defendant, the Defendant denies those allegations and calls upon the Plaintiff to prove the same.

5. The Defendant neither admits nor denies the allegations contained in Paragraph 5 of the Plaintiff's Amended Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

6. The Defendant admits that Metabolife 356 contains ephedra group alkaloids, and was sold for use without prescription by American consumers as a dietary supplement, but denies the remaining allegations contained in Paragraph 6 of the Plaintiff's Amended Complaint.

7. The Defendant does not respond to the allegations contained in paragraph 7 of the Plaintiff's Amended Complaint because they refer to a document which speaks for itself. To the extent that those allegations require an affirmative response from this Defendant, the Defendant denies those allegations and calls upon the Plaintiff to prove the same.

8. The Defendant neither admits nor denies the allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

9. The Defendant denies that the Plaintiff suffered any injury as a result of ingesting the product, Metabolife 356. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 9 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

10. The Defendant admits that it has been engaged in research, development, designing, testing, labeling, distributing, selling, marketing, promoting, and advertising for Metabolife 356, which contains ephedra group alkaloids, for use without prescription by American consumers as a dietary supplement, but denies the remaining allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint.

11. The Defendant does not respond to the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

12. The Defendant does not respond to the allegations contained in Paragraph 12 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

13.   The Defendant does not respond to the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

14.   The Defendant does not respond to the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

15.   The Defendant does not respond to the allegations contained in Paragraph 15 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Amended Complaint.

16.   The Defendant does not respond to the allegations contained in Paragraph 16 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

17.   The Defendant does not respond to the allegations contained in Paragraph 17 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

18.   The Defendant does not respond to the allegations contained in Paragraph 18 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

19.   The Defendant does not respond to the allegations contained in Paragraph 19 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

20.   The Defendant does not respond to the allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

21.   The Defendant denies that the product, Metabolife 356, is unsafe when taken as directed. Insofar as the remaining allegations contained in Paragraph 21 of the Plaintiff's Amended Complaint pertain to the product, Metabolife 356, the Defendant denies those allegations. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 21 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

22. The Defendant denies that the product, Metabolife 356, is unsafe when taken as directed. Insofar as the remaining allegations contained in Paragraph 22 of the Plaintiff's Amended Complaint pertain to the product, Metabolife 356, the Defendant denies those allegations. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 22 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

23. The Defendant does not respond to the allegations contained in Paragraph 23 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Amended Complaint.

24. The Defendant does not respond to the allegations set forth in paragraph 24 of the Plaintiff's Amended Complaint as they merely set forth averments of law. To the extent that those allegations require an affirmative response from this Defendant, the Defendant denies those allegations and calls upon the Plaintiff to prove the same.

25. The Defendant admits that it advertised the product, Metabolife 356. The Defendant denies the remaining allegations contained in Paragraph 25 of the Plaintiff's Amended Complaint.

26. The Defendant does not respond to the allegations contained in Paragraph 26 of the Plaintiff's Amended Complaint as it refers to a document that speaks for itself. To the extent that an affirmative response is required, the Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Amended Complaint.

27. The Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Amended Complaint.

28. The Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Amended Complaint.

## COUNT I

29. The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Amended Complaint with the same force and effect as if each were separately set forth herein at length.

30. The Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Amended Complaint.

31. The Defendant admits that it has engaged in the business of promoting, marketing, advertising, distributing, supplying, and selling Metabolife 356, which contained ephedra group alkaloids, including in the Commonwealth of Massachusetts. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 31 of the Plaintiff's Amended Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

32. The Defendant neither admits nor denies the allegations contained in Paragraph 32 of the Plaintiff's Amended Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

33. The Defendant denies that the product, Metabolife 356, is unsafe when taken as directed. The Defendant denies that it manufactured the product, Metabolife 356. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 33 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

34. The Defendant denies that the product, Metabolife 356, is unsafe when taken as directed. The Defendant denies that it manufactured the product, Metabolife 356. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 34 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

35. The Defendant denies that the product, Metabolife 356, is unsafe when taken as directed. The Defendant denies the remaining allegations contained in Paragraph 35 of the Plaintiff's Amended Complaint.

36. The Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Amended Complaint.

37. The Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Amended Complaint.

38. The Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Amended Complaint.

## COUNT II

39. The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Amended Complaint with the same force and effect as if each were separately set forth herein at length.

40. The Defendant does not respond to the allegations set forth in paragraph 40 of the Plaintiff's Amended Complaint as they merely set forth averments of law. To the extent that those allegations require an affirmative response from this Defendant, the Defendant admits that it had certain duties under the law and further states that it fully discharged all such duties.

41. The Defendant denies the allegations contained in Paragraph 41 of the Plaintiff's Amended Complaint.

42. The Defendant denies the allegations contained in Paragraph 42 of the Plaintiff's Amended Complaint.

## COUNT III

43. The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Amended Complaint with the same force and effect as if each were separately set forth herein at length.

44. The Defendant denies the allegations contained in Paragraph 44 of the Plaintiff's Amended Complaint.

45. The Defendant does not respond to the allegations set forth in paragraph 45 of the Plaintiff's Amended Complaint as they merely set forth averments of law. To the extent that those allegations require an affirmative response from this Defendant, the Defendant denies those allegations and calls upon the Plaintiff to prove the same.

46. The Defendant denies the allegations contained in Paragraph 46 of the Plaintiff's Amended Complaint.

47. The Defendant denies the allegations contained in Paragraph 47 of the Plaintiff's Amended Complaint.

48. The Defendant denies the allegations contained in Paragraph 48 of the Plaintiff's Amended Complaint.

49. The Defendant denies the allegations contained in Paragraph 49 of the Plaintiff's Amended Complaint.

## COUNT IV

50. The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Amended Complaint with the same force and effect as if each were separately set forth herein at length.

51. The Defendant admits that the product, Metabolife 356, was safe when taken as directed. The Defendant denies that it manufactured the product, Metabolife 356. The Defendant denies the remaining allegations contained in Paragraph 51 of the Plaintiff's Amended Complaint.

52. The Defendant denies that the product, Metabolife 356, is unsafe when taken as directed. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 52 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

53. The Defendant denies the allegations contained in Paragraph 53 of the Plaintiff's Amended Complaint.

54.  The Defendant denies the allegations contained in Paragraph 54 of the Plaintiff's Amended Complaint.

55.  The Defendant denies the allegations contained in Paragraph 55 of the Plaintiff's Amended Complaint.

## COUNT V

56.  The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Amended Complaint with the same force and effect as if each were separately set forth herein at length.

57.  The Defendant admits that the product, Metabolife 356, was safe when taken as directed. The Defendant denies the remaining allegations contained in Paragraph 57 of the Plaintiff's Amended Complaint.

58.  The Defendant neither admits nor denies the allegations contained in Paragraph 58 of the Plaintiff's Amended Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

59.  The Defendant denies the allegations contained in Paragraph 59 of the Plaintiff's Amended Complaint.

60.  The Defendant denies the allegations contained in Paragraph 60 of the Plaintiff's Amended Complaint.

61.  The Defendant denies the allegations contained in Paragraph 61 of the Plaintiff's Amended Complaint.

## COUNT VI

62.  The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Amended Complaint with the same force and effect as if each were separately set forth herein at length.

63.  The Defendant denies the allegations contained in Paragraph 63 of the Plaintiff's Amended Complaint.

64.  The Defendant denies the allegations contained in Paragraph 64 of the Plaintiff's Amended Complaint.

65.  The Defendant denies the allegations contained in Paragraph 65 of the Plaintiff's Amended Complaint.

66.  The Defendant denies the allegations contained in Paragraph 66 of the Plaintiff's Amended Complaint.

67. The Defendant denies the allegations contained in Paragraph 67 of the Plaintiff's Amended Complaint.

68. The Defendant denies the allegations contained in Paragraph 68 of the Plaintiff's Amended Complaint.

69. The Defendant denies the allegations contained in Paragraph 69 of the Plaintiff's Amended Complaint.

70. The Defendant denies the allegations contained in Paragraph 70 of the Plaintiff's Amended Complaint.

71. The Defendant denies the allegations contained in Paragraph 71 of the Plaintiff's Amended Complaint.

## COUNT VII

72. The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Amended Complaint with the same force and effect as if each were separately set forth herein at length.

73. The Defendant denies the allegations contained in Paragraph 73 of the Plaintiff's Amended Complaint.

74. The Defendant denies the allegations contained in Paragraph 74 of the Plaintiff's Amended Complaint.

75. The Defendant denies the allegations contained in Paragraph 75 of the Plaintiff's Amended Complaint.

76. The Defendant denies the allegations contained in Paragraph 76 of the Plaintiff's Amended Complaint.

77. The Defendant denies the allegations contained in Paragraph 77 of the Plaintiff's Amended Complaint.

78. The Defendant neither admits nor denies the allegations contained in Paragraph 78 of the Plaintiff's Amended Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

79. The Defendant denies the allegations contained in Paragraph 79 of the Plaintiff's Amended Complaint.

80. The Defendant denies the allegations contained in Paragraph 80 of the Plaintiff's Amended Complaint.

81. The Defendant denies the allegations contained in Paragraph 81 of the Plaintiff's Amended Complaint.

82. The Defendant denies the allegations contained in Paragraph 82 of the Plaintiff's Amended Complaint.

83. The Defendant denies that the product, Metabolife 356, is unsafe when taken as directed. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 83 of the Plaintiff's Amended Complaint, as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

84. The Defendant denies the allegations contained in Paragraph 84 of the Plaintiff's Amended Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to recover in any amount and demands that the Amended Complaint be dismissed and judgment be entered in favor of the Defendant for the costs and disbursements of this action.

## FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant alleges that the subject matter of this litigation, and or evidence of the subject matter of this litigation, have been spoliated, and as such the Plaintiff's claim cannot be maintained.

## SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant alleges that the Amended Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

## THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant alleges that all damages claimed by Plaintiff were legally caused by third parties other than this Defendant, thus barring or diminishing Plaintiff's recovery against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant alleges that Plaintiff failed and refused to reasonably mitigate her damages, if any, thus barring or proportionally diminishing Plaintiff's recovery, if any.

## FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant alleges Plaintiff did not exercise ordinary care, caution or prudence for her own safety or protection, and the resultant injuries and/or damages, if any, sustained by Plaintiff were proximately contributed to and caused by said carelessness and negligence, thus barring or diminishing Plaintiff's recovery against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant asserts on information and belief that the product at issue was altered after it left Defendant's possession or control.

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant alleges that adequate warnings were provided to consumers of the product, including Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief contained therein, Defendant asserts that Plaintiff's allegations are barred by the doctrine of preemption.

## NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant asserts that Plaintiff's damages, if any, were proximately caused by the unauthorized or unreasonable use of the product by the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant asserts that Plaintiff voluntarily assumed the risk of the activities alleged in the Amended Complaint, and the resultant damages, if any, sustained by Plaintiff were proximately caused or contributed to by such voluntary assumption of the risk.

### ELEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant asserts that Plaintiff, by her own conduct or otherwise, has waived any claim for relief or claim she may have against Defendant, or is estopped, due to unclean hands, laches or otherwise, to assert any wrongful conduct on the part of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant asserts that the Plaintiff is not entitled to any recovery under G.L., Ch. 93A for the reason that the transactions and actions did not occur primarily and substantially within the Commonwealth.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that it sold, marketed and promoted its product in full compliance with any and all applicable governmental regulations and/or specifications.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that Plaintiff is barred from asserting any claim based on breach of warranty against Defendant, by reason of the failure of Plaintiff to fulfill the conditions of warranties alleged in Plaintiff's Amended Complaint, in the event such alleged warranties are proven at trial, including, but not limited to, Plaintiff's failure to notify Defendant of any alleged breach of warranty within a reasonable period of time after discovery of any alleged defect, thereby prejudicing Defendant from being able to fully investigate and defend Plaintiff's allegations.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that Plaintiff was not in privity of contract with Defendant, and that such lack of privity, therefore, bars Plaintiff's recovery herein upon any theory of warranty.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that Plaintiff and/or other persons, without this Defendant's knowledge and/or approval, redesigned, modified, altered and used this Defendant's product, contrary to instructions, warnings and the custom and practice of the industry, so as to substantially change the character of Defendant's product. Defendant further alleges that if the product of Defendant is defective in any way, which defectiveness is specifically denied, then such defectiveness resulted solely from the redesign, modification, alteration, use or other changes therein and not from any act or omission of Defendant. Therefore, any such defect, if any, so created by Plaintiff and/or other persons or parties, was the sole and proximate cause of the injuries and/or damages, if any, that Plaintiff alleges to have suffered.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that the accident, incident, injury and damages alleged in Plaintiff's Amended Complaint were solely and proximately caused by the misuse of the product by Plaintiff and that Defendant could not have reasonably foreseen this misuse, and such misuse, therefore, bars recovery against Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that any injuries or damages suffered by Plaintiff, the existence of which are specifically denied by Defendant, are the direct and proximate result of Plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to the product alleged to have been manufactured and distributed by Defendant, which reaction was not the result of any conduct or omission on the part of Defendant, nor the result of any defect in any product manufactured or distributed by Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that in light of all relevant factors, the benefits of the design of the product alleged to have caused injuries to Plaintiff outweigh the risk and danger, if any, inherent in the design of said product.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant asserts that if Plaintiff was injured by any product manufactured or distributed by Defendant, Defendant did not breach any duty to Plaintiff and is not liable for those injuries or for Plaintiff's claimed damages, since the product, when manufactured and distributed, conformed to the then current applicable industry standards and state of the art, and because the then current state of the art medical, scientific, and industrial knowledge, art and practice were such that Defendant did not and could not know that the product might pose a risk of harm when used in a normal and foreseeable manner.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant asserts that Plaintiff did not reasonably rely on any act, omission, or representation of Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant asserts that it is immune from liability under the common law for any design defect in its product.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant asserts that Defendant made no implied or express warranties regarding the product.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant asserts that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Amended Complaint, then such loss, damage or injury was proximately caused and contributed to by Plaintiff's failure to use the product in a reasonably foreseeable manner.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant alleges that in the event Plaintiff establishes that any use of Defendant's product was a proximate cause of any injury to Plaintiff, which this Defendant specifically denies, then said use would have been so minimal as to be insufficient to establish to a reasonable degree of medical probability that Defendant's product was the proximate cause of Plaintiff's alleged injuries.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file herein, and to each claim for relief set forth therein, Defendant asserts that the state of technical or scientific knowledge regarding the product and its design or manufacture, at all times material hereto, were such that this Defendant neither knew, nor properly should have known, that its product posed any risk of harm to Plaintiff if such product was used properly.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Amended Complaint on file in this action, and to each claim for relief set forth therein, Defendant asserts that Plaintiff's claims are barred by the applicable statutes of limitations.

Defendant reserves the right to supplement these affirmative defenses at any time.

THE DEFENDANT, METABOLIFE INTERNATIONAL, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE.

Respectfully Submitted,

METABOLIFE INTERNATIONAL, INC.,
Defendants,
By Its Attorneys,

_____
Nicholas R. Alexander, Esq. (BBO# 544173)
Michael J. Racette, Esq. (BBO No. 555350)
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500