UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION NO: 05-10048-REK

2005 FEB 16 P 4: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
LAUREN FLORO,                          )
         Plaintiff,                    )
                                       )
v.                                     )
                                       )
METABOLIFE INTERNATIONAL INC.,         )
WALGREEN CO., and                      )
WALGREEN EASTERN CO.                   )
                                       )
         Defendants.                   )
```

## JOINT STATEMENT AND DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Rule 16.1(D) of the Local Rules for the District Court for the District of Massachusetts, counsel for the parties hereby submit the following Joint Statement and Discovery Plan.

1. **Description of the Case**

   This is an action to recover damages for personal injuries sustained by plaintiff Lauren Floro as the result of purchasing and ingesting Metabolife 356, a dietary supplement product developed and distributed by defendant Metabolife International, Inc. and sold at retail by defendants Walgreen Co. and Walgreen Eastern Co., Inc.. Ms. Floro alleges that Metabolife 356 caused her to suffer a stroke and to thereby sustain serious and permanent injuries. The defendants deny that the product caused the injuries alleged by the plaintiff.

2. **Agenda for the Scheduling Conference**

- The proposed discovery and motion schedule;

- The status of Plaintiff's Request for Default, Defendants' Motion for Leave to Allow Defendants to Serve Answers Late, and Plaintiff's Opposition thereto; and

- The potential transfer of this action to Multi-District Litigation

3. **Plaintiff's Proposed Discovery and Motion Schedule**

The plaintiff respectfully proposes the following pre-trial schedule:

- Joinder of parties and amendment of pleadings.   March 31, 2005

- Completion of written discovery.   May 31, 2005

- Completion of depositions of fact witnesses.   September 30, 2005

- Service of expert reports, if any.   October 31, 2005

- Service of rebuttal reports, if any.   November 15, 2005

- Completion of expert depositions, if any   December 15, 2005

- Service of dispositive motions, if any   January 16, 2006

- Pre-Trial Conference   February 16, 2006, if convenient for the Court

4. **Defendants' Position Regarding Pre-Trial Deadlines**

Numerous federal lawsuits around the country involving allegations of harm due to the use of ephedra products have been consolidated for the pre-trial proceedings in the matter entitled, In Re: Ephedra Products Liability Litigation, Docket 04 MD 1598 in the United States District Court for the Southern District of New York. Judge Jed Rakoff is presiding over that proceeding. Each of the defendants in the present case are parties to that MDL proceeding, due to having been named as a defendants in cases in which a plaintiff claims to have suffered personal injuries of the same or similar nature that the Plaintiff alleges in the present case, after ingesting the Metabolife 356 product. In fact, a case from this very court, George Winsor, Executor of the Estate of Mary P. Winsor v. Metabolife, et al., United States District Court (Mass.) C.A. No. 02-10387JLT, was one of the first cases to be transferred to the MDL proceeding, in April, 2004. See, MDL Transfer Order No. 1, attached. Since that time, numerous other cases have been transferred to the MDL proceeding from United States District Courts around the country, as they have been filed. The Defendants will seek to have the present case transferred to that MDL proceeding.

2

In that MDL proceeding, after extensive briefing on behalf of numerous plaintiffs and defendants, Judge Rakoff issued an order concerning pre-trial discovery in those cases. On September 10, 2004, Judge Rakoff issued a Stipulation and Order Amending Case Management Order No. 1, which states in pertinent part as follows:

> For cases appearing on Conditional Transfer Orders issued by the Judicial Panel subsequent to the date of this Stipulation, the Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures shall be one year from the Notice of Transfer date, as defined by Case Management Order No. 3. The Deadline for Defendants to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiffs' Case-Specific Experts shall be 60 days from the Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures. The Deadline for Discovery of Defendants' Case-Specific Experts shall be 60 days from the Deadline for Defendant to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiff's Case-Specific Experts. The deadline for filing Daubert Motions shall be two weeks from the Deadline for Discovery of Defendant's Case-Specific Experts.

See, Stipulation and Order Amending Case Management Order No. 1, attached.

Under Judge Rakoff's September 12, 2004 order, the following deadlines would apply to this case:

| Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures | Deadline for Defendants to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiff's Case-Specific Experts | Deadline for Discovery of Defendants' Case-Specific Experts | Deadline to file Daubert Motions |
|---|---|---|---|
| February 23, 2006 | April 23, 2006 | June 23, 2006 | July 6, 2006 |

The Defendants request that this court adopt those deadlines, for discovery and Daubert motions.

5.  **Trial by Magistrate**

The parties do not consent to trial by a magistrate judge.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

3

Respectfully submitted,

For the Plaintiff,
LAUREN FLORO
By her attorneys,

Dated: February 16, 2005

Robert J. O'Regan, Esq. (BBO # 379970)
Paul R. Mastrocola, Esq. (BBO # 630664)
Diane A. D. Noel, Esq. (BBO# 656430)
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110-1624
(617) 345-3000

For the Defendants,
METABOLIFE INTERNATIONAL INC.,
WALGREEN CO., and
WALGREEN EASTERN CO.
By their attorneys,

Dated: February 16, 2005

Nicholas P. Alexander, Esq. (BBO# 544173)
Michael J. Racette, Esq. (BBO# 555350)
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02110
(617) 439-7500

00906127

APR-13-2004  14:09           JUDGE RAKOFF                                          P.03

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2004

RELEASED FOR PUBLICATION                         FILED
                                             CLERK'S OFFICE

DOCKET NO. 1598

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE EPHEDRA PRODUCTS LIABILITY LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of fifteen actions: three actions each in the Northern and Eastern Districts of Texas, two actions in the Southern District of Texas, and one action each in the Southern District of California, the Middle District of Georgia, the Eastern District of Kentucky, the District of Massachusetts, the Southern District of Ohio, the Western District of Pennsylvania, and the Western District of Texas.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by plaintiffs in twelve of the fifteen actions now before the Panel to centralize these actions for coordinated or consolidated pretrial proceedings in the Southern District of Ohio. Most responding plaintiffs or interested party plaintiffs agree that centralization is appropriate, but differ on the most appropriate choice of transferee district.[2] All responding defendants or interested party defendants oppose centralization;[3] Nutraquest and the Twinlab defendants also specifically oppose inclusion of any personal injury or wrongful death actions

---

[*] Judges Selya and Motz did not participate in the decision of this matter.

[1] The Panel has been notified that an additional action included on the Section 1407 motion, *Sherry Cox, etc. v. Metabolife International, Inc.*, S.D. Ohio, C.A. No. 1:01-643, was dismissed with prejudice on January 27, 2004. Accordingly, the question of Section 1407 centralization with respect to this action is moot.

The Panel has also been notified by various parties that approximately 200 potentially related actions have already been filed in federal districts throughout the United States. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in some potentially related actions oppose inclusion of their actions in MDL-1598 proceedings, because of the allegedly advanced stage of proceedings in their respective actions.

[3] Metabolife International, Inc.; The Chemins Company, Inc.; Vitaquest International, Inc.; NVE, Inc.; Cytodyne International, LLC; Cytodyne, LLC; Cytodyne I, LLC; Phoenix Laboratories, Inc.; General Nutrition Companies; Nutraquest, Inc. (Nutraquest) (formerly known as Cytodyne Technologies, Inc.); RS OLDCO, Inc. (formerly known as Rexall Sundown, Inc.); RL OLDCO, Inc. (formerly known as Richardson Labs, Inc.); Herbalife International; Natural Balance, Inc.; MuscleTech Research & Development, Inc.; Nutramerica Corporation; Trim Spa Corporation; Goen Technologies Corporation; Weight Loss Labs, Inc.; Goen Group; Alexander Szynalski; Albert M. Fleischner; Nittany Pharmaceuticals; and Twinlab Corporation, Twin Laboratories Inc. and Twin Laboratories (UK) Ltd. (collectively referred to as the Twinlab defendants).

-2-

against them in MDL-1598 proceedings in light of the fact that these actions have been ordered transferred under 28 U.S.C. § 157(b)(5) from the federal districts in which these actions or related actions are pending to the District of New Jersey and the Southern District of New York, respectively. Other transferee districts suggested by plaintiffs or, in the alternative, by defendants include the Northern District of Alabama, the Southern District of California, the Northern District of Illinois, the District of Minnesota, the Southern District of New York, the Eastern District of Pennsylvania and the Southern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because these actions focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each defendant should produce a different result in order to avoid an unwieldy situation. We are unpersuaded by this argument. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1598 transferee court can employ various pretrial techniques — such as establishing separate discovery and/or motion tracks — to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

In light of the January 22, 2004 order transferring under Section 157 personal injury/wrongful death actions brought against Nutraquest to the District of New Jersey, coupled with the entire circumstances presently before us, inclusion of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, in MDL-1598 proceedings is not appropriate at this time. We note that all of the New Jersey Nutraquest actions are currently stayed and Judge Garrett E. Brown is in the process of establishing a procedure for the efficient management of these actions.

Although any of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this nationwide litigation, the Panel has decided to entrust this litigation to Judge Jed S. Rakoff in the Southern District of New York who is already presiding over the Twinlab personal injury/wrongful death actions in connection with the Twinlab defendants' bankruptcy proceedings. We note that Judge Rakoff is in the process of establishing procedures for the conduct of the more than 60 actions brought against the Twinlab defendants. Thus, he is in the best position to coordinate MDL-1598 pretrial proceedings with the New York Twinlab actions, and — if appropriate — to informally coordinate

- 3 -

the MDL-1598 actions and the New York Twinlab actions with the New Jersey Nutraquest actions pending before Judge Brown in order to achieve the goals of economy and efficiency which are hallmarks of both Sections 1407 and 157.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

### MDL-1598 – In re Ephedra Products Liability Litigation

#### Southern District of California

*Joanne Marlow, et al. v. Metabolife International, Inc.*, C.A. No. 3:01-2306

#### Middle District of Georgia

*Margo A. Durrance, etc. v. Royal Numico, N.V., et al.*, C.A. No. 6:03-29

#### Eastern District of Kentucky

*Stephanie Turner, etc. v. Rexall Sundown, Inc.*, C.A. No. 2:01-197

#### District of Massachusetts

*George W. Winsor, etc. v. Metabolife International, Inc., et al.*, C.A. No. 1:02-10387

#### Western District of Pennsylvania

*Shelli Schlafhauser, et al. v. Metabolife International, Inc., et al.*, C.A. No. 2:02-1450

#### Eastern District of Texas

*Sandra G. Sinegal v. Metabolife International, Inc., et al.*, C.A. No. 1:03-92
*Mario Ochoa v. Metabolife International, Inc., et al.*, C.A. No. 4:03-371
*Bobbie J. Barnett v. Metabolife International, Inc., et al.*, C.A. No. 6:03-227

#### Northern District of Texas

*Robert Donald Terrell v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1013
*Gary Townsend v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1353
*Teresa Villareal v. Metabolife International, Inc., et al.*, C.A. No. 4:03-606

#### Southern District of Texas

*Ruth J. English v. Metabolife International, Inc., et al.*, C.A. No. 4:03-5387
*Sandra Lee Parker v. Metabolife International, Inc., et al.*, C.A. No. 4:03-5419

#### Western District of Texas

*Douglas Risley v. Metabolife International, Inc., et al.*, C.A. No. 3:03-395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re: EPHEDRA PRODUCTS LIABILITY                           :   04 M.D. 1598 (JSR)
LITIGATION                                                  :
                                                            :
------------------------------------------------------------x

PERTAINS TO ALL CASES

**STIPULATION AND ORDER AMENDING
CASE MANAGEMENT ORDER NO. 1**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs' Coordinating Counsel and Defendants' Coordinating Counsel that the schedule set forth in Case Management Order No. 1 is amended as follows:

|  | Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures | Deadline for Defendants to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiff's Case-Specific Experts | Deadline for Discovery of Defendants' Case-Specific Experts | Deadline to file Daubert Motions |
|---|---|---|---|---|
| Cases Originally Transferred | April 8, 2005 | June 8, 2005 | August 8, 2005 | August 22, 2005 |
| CTO-1 Cases | May 9, 2005 | July 11, 2005 | September 9, 2005 | September 26, 2005 |
| CTO-2 Cases | June 8, 2005 | August 8, 2005 | October 10, 2005 | October 24, 2005 |
| CTO-3 Cases | July 8, 2005 | September 12, 2005 | November 11, 2005 | November 28, 2005 |
| CTO-4 Cases | August 8, 2005 | October 10, 2005 | December 12, 2005 | December 26, 2005 |
| CTO-5 Cases | September 9, 2005 | November 9, 2005 | January 9, 2006 | January 23, 2006 |

For cases appearing on Conditional Transfer Orders issued by the Judicial Panel subsequent to the date of this Stipulation, the Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures shall be one year from the Notice of Transfer date, as

defined by Case Management Order No. 3. The Deadline for Defendants to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiffs' Case-Specific Experts shall be 60 days from the Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures. The Deadline for Discovery of Defendants' Case-Specific Experts shall be 60 days from the Deadline for Defendant to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiff's Case-Specific Experts. The deadline for filing Daubert Motions shall be two weeks from the Deadline for Discovery of Defendant's Case-Specific Experts.

So Ordered,

_____
Jed S. Rakoff, District Judge

Dated: September 10, 2004.