UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
LAUREN FLORO,                                 )
    Plaintiff                                 )
                                              )
    v.                                        )   CIVIL ACTION
                                              )   NO. 05-10048-REK
METABOLIFE INTERNATIONAL, INC.,               )
    WALGREEN CO., and WALGREEN                )
    EASTERN CO., INC.,                        )
    Defendants                                )
_____   )

**Memorandum and Order**
February 23, 2005

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiff Lauren Floro's Request for Entry of Default Pursuant to Fed. R. Civ. P. 55 (Docket No. 4) and Affidavit of Paul R. Mastrocola, Esq. in Support of Request for Entry of Default (Docket No. 5) (both filed January 27, 2005);

(2) Opposition of Defendants to Plaintiff's Request for Entry of Default, and Defendants' Motion for Leave to Allow Defendants to Serve Answers Late (Docket No. 6), Memorandum in Support of Opposition of Defendants to Plaintiff's Request for Entry of Default, and Defendants' Motion for Leave to Allow Defendants to Serve Answers Late (Docket No. 7), Affidavit of Michael J. Racette (Docket No. 8), and Local Rule 7.1 Certification (Docket No. 9) (all filed January 31, 2005); and

(3) Plaintiff Lauren Floro's Opposition to Defendants' Motion for Leave to Allow Defendants to Serve Answers Late (Docket No. 13) (filed February 9, 2005).

## II. Factual and Procedural Background

This is an action to recover for personal injuries allegedly suffered by the plaintiff after she ingested Metabolife 356, a dietary supplement containing ephedra. The plaintiff commenced this action on September 16, 2004, in state court. On January 6, 2005, the defendants removed the suit to this court. The plaintiff has requested an entry of default and the defendants have moved for leave to serve their answer late.

During December 2004 and January 2005, plaintiff's counsel and defendants' counsel agreed to four extensions of time for the defendants to answer the complaint. The defendants' asserted reason for seeking these extensions from plaintiff's counsel was that they were trying to obtain information about the label on the particular product the plaintiff used. (Racette Aff., Docket No. 8, at ¶¶ 10–11) On one occasion, the extension was sought due to a winter storm. (Id., at ¶ 13) After the fourth extension ended on January 26, 2005, the plaintiff requested an entry of default. (Pl.'s Opp., Docket No. 13) The defendants' counsel claims that he was under the mistaken impression that an earlier extension, the third, actually gave him until January 28, 2005, to respond. (Racette Aff., Docket No. 8, at ¶ 12) The defendants' counsel candidly admits that any misunderstanding was his fault because he was not explicit with plaintiff's counsel during their conversations regarding the third extension. (Id., at ¶ 14)

Defendants' counsel filed answers to the complaint with this motion on January 31, 2005. (Docket Nos. 6–11)

### III. Analysis

Whether or not the Clerk has formally entered a default, an untimely answer does not cure a default. The appropriate means for curing such a default is a motion under Fed. R. Civ. P. 55(c), such as the defendants filed here. Rule 55(c) provides that a court may set aside an entry of default "for good cause shown." The district court has considerable discretion to determine whether the good cause standard is met. See KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003).

The Court of Appeals for the First Circuit has not set forth a "precise formula" for Rule 55(c), recognizing that "each case must necessarily turn on its own unique circumstance." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). The court has identified several factors a district court "may consider":

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion to set aside entry of default.

KPS & Associates, 318 F.3d at 12 (quoting McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 503 (1st Cir. 1996)) (brackets omitted). The court also suggested that a district court should consider the competing policies in its resolution of a motion to set aside default:

> On the one hand, it provides a useful remedy when a litigant is confronted by an obstructionist adversary, and plays a constructive role in maintaining the orderly and efficient administration of justice. It furnishes an invaluable incentive for parties to comply with court orders and rules of procedure. It encourages the expeditious resolution of litigation and promotes finality. On the other hand, countervailing considerations include the goals of resolving cases on the merits.

KPS & Associates, 318 F.3d at 12–13 (citations, quotation marks, and alterations omitted).

Accordingly, the district court must weigh the policy favoring adjudication on the merits against the risk of prejudice to a plaintiff by a defendant's bad faith tactics. In a similar case, I concluded my analysis by noting:

> There is no indication that plaintiff has been prejudiced by the delay. Nor is there any indication that defendants and their counsel have acted in bad faith. In these circumstances, and in light of the policy favoring resolution of disputes on the merits, I conclude that it is appropriate to set aside the entries of default and deny plaintiff's motion for default judgment.

Debreceni v. Route USA Real Estate, Inc., 773 F. Supp. 498, 499 (D. Mass. 1990).

The plaintiff urges this court to deny the defendants' motion primarily based on one of the seven factors: that the defendant has not established a meritorious defense. The court of appeals has described this requirement as a "squatty hurdle," and one that the defendant may overcome simply by plausibly suggesting a "cognizable defense." Coon, 867 F.2d at 77. The meritorious defense factor should not be viewed as an invitation for the parties to argue the merits of the case at its infancy. Rather, the absence of any meritorious defense should be considered by the district court as an indicia of the bad faith of defendants' counsel. In this case, plaintiff's arguments consist of various assertions regarding scientific evidence of the dangerousness of the defendants' products. The existence of several studies in the plaintiff's favor does not confirm the absence of a cognizable defense, which would permit this court to infer bad faith on the part of the defendants' counsel.

Several other principles weigh in the defendants' favor here. "[A] district court should resolve doubts in favor of a party seeking relief from the entry of a default." Id. at 76. Where, as here, the mistake was the fault of the attorney, courts tend not to hold those mistakes against the client. See Leshore v. County of Worcester, 945 F.2d 471, 472 (1st Cir. 1991);

Debreceni, 773 F. Supp. at 499. Finally, the absence of prejudice to the plaintiff strongly militates against denying a motion to set aside default. See Federal Deposit Ins. Corp. v. Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989) (reversing a district court's denial of a motion for to set aside default where a potentially meritorious defense existed and the plaintiff was not prejudiced by the default). The plaintiff concedes that she has not suffered any prejudice by the defendants' one-week delay in filing.

In these circumstances, I will allow the defendants' motion to file their answer late.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant's Motion for Leave to Allow Defendants to Serve Answers Late (Docket No. 6) is ALLOWED.

/s/Robert E. Keeton<br>
Robert E. Keeton<br>
Senior United States District Judge